LEDOUX<br>v.<br>ANDERSON.

The defendants must account to the plaintiffs for the amount of the advances made by them to *Cotton*, after they were notified.

It is, therefore, ordered, that the judgment in this case be reversed, and that there be judgment in favor of the plaintiffs, and against the defendants, for $1,682 20, with interest at the rate of five per cent per annum, from the 4th January, 1845, till paid, and costs in both courts.

---

## PERRET v. SAUVINET.

A consignee will not be liable for the freight of property which was never delivered to him, where it is not shown that he ever accepted the consignment, or authorised the entry of the property at the custom-house by the consignor, who took possession of it.

APPEAL from the Parish Court of New Orleans, *Maurian*, J.

*Eyma*, for the appellant, cited Lex Mercatoria Americana, p. 204. *Trust* v. *Duvall*, 4 Wash. C. C. R. 181. 2 Peters' Dig. p. 375, no. 36. *Blagg* v. *Phœnix Ins. Co.*, 3 Wash. C. C. R. 5. 1 Peters' Dig. p. 365, no. 9.

*Marsondel*, for the defendant.

The judgment of the court was pronounced by

ROST, J. The plaintiff claims from the defendant the freight of 805 hampers of potatoes. shipped in Havre on board of the Austerlitz, by one *Racine Delay*, and consigned to the defendant. *Delay* came to this city on board of that ship, and through some irregularity in the custom-house, was permitted to make the entry in his own name, and take possession of the potatoes, which were delivered to him by the officers of the ship. It is not shown that the defendant took any any part in the entry of the goods, nor that he was at all aware of the consignment, until called upon to pay the freight. The court below, considering that the plaintiff had failed to make out his case, gave judgment against him, and he appealed.

There is no error in the judgment. It is true, as contended by the appellant, that the consignee on a bill of lading is bound to pay the freight, unless the consignor has bound himself to do so by the charter party. But it is equally true that the person designated in the bill of lading, as the consignee, does not in reality become so, till after the goods are delivered to him. The facts that the consignment in this case was accepted by the defendant, and the entry made by his authorisation, not being brought home to him, he is not bound for the freight. *Judgment affirmed.*